**Opinion issued April 21, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00079-CV

———————————

**JOHN CARPENTER, Appellant**

**V.**

**MICHAEL CONSTANTELO, Appellee**

**On Appeal from the 200th District Court**
**Travis County, Texas[1]**
**Trial Court Case No. D-1-FM-18-004337**

## MEMORANDUM OPINION

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket-equalization powers. *See* Misc. Docket No. 19–9120 (Tex. Dec. 20, 2019); *see also* TEX. GOV'T CODE ANN. § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

Appellant, John Carpenter, attempts to appeal from the trial court's final protective order entered against appellant on August 1, 2018. Appellee, Michael Constantelo, has filed a motion to dismiss the appeal for want of jurisdiction, or in the alternative, a motion to affirm the judgment of the trial court and award damages to appellee for appellant's filing of a frivolous appeal.[2]

We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, or motion to reinstate. TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

---

[2]     *See* TEX. R. APP. P. 45.

Here, appellant seeks to appeal from the final protective order signed by the trial court on August 1, 2018. *See* TEX. FAM. CODE ANN. § 81.009 (providing final protective order "rendered under this subtitle may be appealed"). On August 24, 2018, appellant filed a "Motion to Set Aside Default Judgment" in the trial court. While this motion could be construed as a motion to modify the trial court's judgment, which would extend appellant's deadline to timely file a notice of appeal, it is not necessary for this Court to make that determination. Here, before the trial court considered appellant's motion, appellant, on September 20, 2018, filed a "Notice of Nonsuit and Withdrawal of Motion to Set Aside Default Judgment;" thus, withdrawing his motion and preventing it from extending his notice of appeal deadline. *See* TEX. R. APP. P. 26(a)(2).

Still yet, even assuming appellant had timely filed a motion for new trial or motion to modify the judgment, appellant's deadline to file a notice of appeal would have been November 29, 2018, or December 14, 2018, at the latest, with a fifteen-day extension. *See* TEX. R. APP. P. 4.1, 26.1, 26.3; *see also* TEX. R. CIV. P. 329b(g). Appellant did not file his notice of appeal until December 23, 2019, 509 days after the trial court signed the final protective order.

Without a timely filed notice of appeal, this Court lacks jurisdiction over appellant's appeal. *See* TEX. R. APP. P. 25.1(a). Accordingly, we grant appellee's motion to the extent it seeks dismissal of the appeal and dismiss the appeal for want

of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Hightower.